UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRITMAN MEDICAL CENTER INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. and BECKMAN COULTER, INC., <br><br> Defendants. | Case No. 3:22-cv-00382-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

In this case, a medical center is suing a medical device manufacturer and information technology company after the medical center gave patients incorrect test results. After Plaintiff Gritman originally filed in state court in Latah County, Idaho, Defendants Beckman Coulter and Allscripts Healthcare Solutions removed this case to federal court based on diversity jurisdiction. *Notice of Removal*, Dkt. 1. The Court now takes up Gritman's motion to remand the case to state court. Dkt. 12. For the reasons discussed below, the Court will deny the motion.

# BACKGROUND

Gritman Medical Center is a medical services provider based in Latah

**MEMORANDUM DECISION AND ORDER - 1**

County, Idaho. In 2016, Gritman purchased from Beckman Coulter a device—the DxC 600i—designed to assist in screening for prostate cancer by testing patients' "prostate specific antigen" (PSA) levels. Compl. ¶¶ 12, 22. Based on a patient's PSA levels, the device generates a Prostate Health Index (PHI) result that reflects the patient's risk of prostate cancer. The PHI score is then transmitted to Gritman's electronic health records system, which is managed by Allscripts. Compl. ¶¶ 27, 28.

In March 2020, one of Gritman's patients notified it that the PHI score he had received appeared to be inaccurate. Compl. ¶ 32. Gritman promptly began investigating the cause of the error and contacted Beckman and Allscripts for assistance. Compl. ¶¶ 33–35. Beckman "was unable to provide an explanation of the issue, or a solution." Compl. ¶ 34. Working with Allscripts' customer service, however, Gritman was able to identify two potential causes of the inaccuracies.

After notifying its patients of the incorrect test results, Gritman reportedly paid the medical expenses of some who were provided inaccurate PHI scores. Compl. ¶¶ 50–51. To date, Gritman reportedly continues "responding to and defending claims which continue to be made" as a result of the incorrect PHI

MEMORANDUM DECISION AND ORDER - 2

scores it provided, including in Idaho state courts. Compl. ¶ 76.[1]

Gritman originally filed this action in Latah County, Idaho, claiming breach of contract, product liability, indemnification, and negligence. Compl. ¶¶ 51–82. In September 2022, Beckman filed a Notice of Removal in federal court based on diversity jurisdiction. Dkt. 1. Allscripts consented to the removal. Dkt. 22. Gritman now asks the Court to remand the case back to state court because the amount-in-controversy requirement for diversity jurisdiction is not met.

## LEGAL STANDARD

Federal courts have limited jurisdiction to decide cases only as authorized by the Constitution and federal statute. A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Conversely, a federal court must remand an action back to state court if the federal court lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c). Ultimately, "[t]he burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the

---

[1] Defendants identify at least two pending state court cases brought by patients against Gritman for injuries arising from inaccurate PHI scores. *See Nutsch Decl.* at 5 & 12, Dkt. 19-1.

MEMORANDUM DECISION AND ORDER - 3

first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, Defendants' removal is based on diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. Diversity jurisdiction for purposes of removal "is determined (and must exist) as of the time the complaint is filed and removal is effectuated." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

The amount in controversy is sometimes evident from the face of a complaint. Where it is not, "the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Courts may look to the facts underlying the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson*, 319 F.3d at 1090). Mere conclusory allegations of the amount in controversy, however, are insufficient. *Matheson*, 319 F.3d at 1090–91.

A state court plaintiff may intentionally avoid federal diversity jurisdiction by pursuing less than $75,000. Indeed, there are sometimes practical and strategic reasons for doing so. However, a litigant who seeks to recover over $75,000 cannot

duck the jurisdictional threshold simply by couching his claims in vague terms. At the end of the day, the question is whether the removing party can show that the lawsuit actually places more than $75,000 in dispute. If so, the jurisdictional threshold is met.

## ANALYSIS

The parties agree that diversity of citizenship exists. The sole question, then, is whether Defendants have satisfied the amount-in-controversy requirement. The Court concludes that they have.

### A.  Defendants' arguments regarding the amount in controversy are not inconsistent.

Gritman contends that Defendants take two conflicting and inconsistent positions. Defendants state in their notice of removal that, "[u]pon information and belief, the amount in controversy in this case exceeds $75,000." *Notice of Removal* at 4, Dkt. 1. In their Rule 12(b)(6) motion to dismiss, in contrast, they argue that Gritman only "vaguely asserts" damages arising from "personal injury claims" by patients who received incorrect PHI scores. *Def.'s Resp.* at 12, Dkt. 19. According to Gritman, these two positions "cannot be reconciled." *Memo. in Supp.* at 2, Dkt. 13. The Court disagrees.

A removing party need not concede liability of more than $75,000 to satisfy the amount in controversy requirement. The amount in controversy is "simply an

estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). A removing party may simultaneously acknowledge that more than $75,000 is disputed and deny liability for a single penny.

Defendants here do exactly that. On one hand, they claim that Gritman's lawsuit puts more than $75,000 in dispute. On the other, they argue they should win the dispute because there is no factual basis tying them to any of the personal injury claims for which Gritman seeks indemnification. *Memo. in Supp.* at 12, Dkt. 8-1. These two positions are entirely compatible.

### B. The amount in controversy exceeds $75,000.

Defendants have demonstrated that this lawsuit places more than $75,000 in dispute. If Gritman prevails on its claims, Defendants will have to defend and indemnify against at least two pending lawsuits seeking significant damages, reimburse Gritman for medical expenses already paid, and compensate Gritman for the difference in value between the DxC 600i as advertised and as received. The Court is confident that, taken together, those claims will substantially exceed $75,000.

Gritman's fourth cause of action seeks indemnification against "Claims Brought Against Gritman By Patients With Incorrect PHI Scores." *Notice of*

**MEMORANDUM DECISION AND ORDER - 6**

*Removal* at 21, Dkt 1. That includes past, pending, and future claims. Currently, two former Gritman patients have pending lawsuits against Gritman alleging combined damages of $100,000. *See Nutsch Decl.* at 5 & 12, Dkt. 19-1. Both plaintiffs claim to have suffered injuries associated with delayed cancer diagnoses when Gritman provided them with inaccurate PHI scores. Both claims therefore fall squarely within the scope of Gritman's fourth cause of action seeking "defense and indemnification as to any claims made or which may be made." *Notice of Removal* at 22, Dkt 1. Accordingly, if Gritman succeeds on its fourth cause of action, Defendants will be on the hook for any damages those patients obtain in state court. This alone could amount to $100,000. Whether the plaintiffs in those cases ultimately prevail is not relevant to the amount-in-controversy determination in this case. By seeking to hold Defendants responsible for up to $100,000 in damages, Gritman places more than $75,000 in controversy.

     Gritman also seeks indemnification for medical expenses it has already paid to "some of its patients as a result of the PHI reporting error." *Id.* at 21. Gritman has not disclosed the amount of medical expenses for which it seeks reimbursement. And the Court will not speculate as to the amount. Nevertheless, the fact that Gritman is seeking reimbursement for some medical expenses already paid does, broadly speaking, increase the likelihood that the aggregate amount in

**MEMORANDUM DECISION AND ORDER - 7**

controversy exceeds $75,000.

Ultimately, the amount in controversy is not evident from the face of Gritman's complaint. Nevertheless, Defendants have shown that Gritman's claims more than likely place far more than $75,000 in dispute. Gritman seeks reimbursement for paid medical expenses, indemnification against at least two pending third-party claims seeking aggregate damages of over $100,000, the difference in value between the DxC 600i as advertised and as received, and indemnification against all future claims arising from inaccurate PHI scores. These claims, taken together, place far more than $75,000 in controversy. Given that both requirements for diversity jurisdiction are met, the Court will deny Gritman's motion to remand the case to state court.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Remand (Dkt. 12) is **DENIED**.

DATED: January 30, 2023

B. Lynn Winmill
U.S. District Court Judge